IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

ALEXANDER ATKINS, an individual

Plaintiff,

v.

VCE THEATERS, LLC d/b/a Studio One Theaters, an Oregon limited liability company; KYLE MARKS, an individual; and JASON LENSCH, an individual,

Defendants.

Case No. 23CV25817

**SUMMONS**

TO: Jason Lensch
c/o his attorney, Mark Crabtree, Jackson Lewis PC
200 SW Market St. Suite 540
Portland, OR 97201
Mark.Crabtree@jacksonlewis.com

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within forty-five (30) days from the date of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within forty-five (45) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer referral service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

By: /s/Shanti S. Lewallen
LEWALLEN LAW, LLC
Shanti Lewallen, OSB No. 143740
735 SW First St., Suite 300
Portland, OR 97204
***Of Attorneys for Plaintiff***

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein and a true copy of Plaintiff's First Request for Production, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate similar document which you shall attach hereto.

By: /s/Shanti S. Lewallen
LEWALLEN LAW, LLC
Shanti Lewallen, OSB No. 143740
735 SW First St., Suite 300
Portland, OR 97204
***Of Attorneys for Plaintiff***



Lewallen Law, LLC
735 SW First Ave, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

6/28/2023 11:02 AM
23CV25817

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| ALEXANDER ATKINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VCE THEATERS, LLC d/b/a Studio One Theaters, an Oregon limited liability company; KYLE MARKS, an individual; and JASON LENSCH, an individual,<br><br>Defendants. | Case No. __________________<br><br>COMPLAINT – Class and collective claims for tip theft violations; and individual claims for unpaid wages, penalty wages, discrimination and retaliation.<br><br>Damages estimated at $999,999.99<br><br>JURY TRIAL REQUESTED<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>FILING FEE: $594.00<br>(ORS § 21.160(1)(c)) |

**INDIVIDUAL, CLASS AND COLLECTIVE ACTION COMPLAINT**

1.

Alexander Atkins (hereinafter "Plaintiff") complains as follows against VCE Theaters, LLC d/b/a/ Studio One Theaters, an Oregon limited liability company (hereinafter "Defendant Studio One") on behalf of himself and other similarly situated employees of Defendant Studio One. Additionally, Plaintiff brings claims on behalf of himself individually against individuals, Kyle Marks (hereinafter "Defendant Marks") and Jason Lensch (hereinafter "Defendant Lensch") (hereinafter, collectively "the individual Defendants") for discrimination and retaliation (all defendants are referred to collectively hereinafter as "Defendants").



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

2.

This is a class and collective action under state and federal wage and hour law for certain present and former employees of Defendant Studio One to recover stolen tips, liquidated and other damages, punitive damages (on motion), and attorney fees, costs, and disbursements (and pre- and post-judgment interest thereon), as well as declaratory relief, pertaining to Defendant Studio One's longstanding policy of illegally distributing line-level service employees' tips to management. Additionally, Defendant Studio One failed to timely provide time punch records or a tip pooling and distribution accounting despite Plaintiff's multiple requests to managers to provide tipping records prior to his termination and a file request by Plaintiff's lawyer for his complete personnel record and for all of his time and pay records. All allegations herein are made to the best of Plaintiff's and his counsel's good-faith knowledge, information, and belief, based upon the evidence adduced to date, and Plaintiff reserves the right to amend the complaint upon the discovery of additional facts.

3.

This is also an individual action under Oregon law on behalf of Mr. Atkins individually, for discrimination and retaliation for opposing tip theft violations (against Defendants Lensch and Studio One) and on the basis of sex (against Defendants Marks and Studio One).

**PARTIES**

4.

At all material times, Plaintiff and the class and collective members were and/or are tipped hourly employees of Defendant Studio One.

5.

Defendant VCE Theaters, LLC d/b/a/ Studio One Theaters, is an Oregon limited liability company operating a seven-screen luxury movie theater in Portland, Oregon on Powell Boulevard. Defendant Studio One employed the Plaintiff and other class and collective members at this



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

location in Oregon. Multnomah County is the proper venue pursuant to ORS 14.080, and this Court has jurisdiction under ORS Chapter 14.

**COMMON FACTS CONSTITUTING CLAIMS FOR RELIEF**

6.

Throughout the relevant time period, Defendant Studio One distributed line-level service employees' tips to its managers, supervisors and/or other statutory employers.

7.

Defendant Studio One's theft of line-level staff members' tips in pay periods during which Plaintiff and other class and collective members performed work as described above was willful.

**FACTS PERTAINING ONLY TO INDIVIDUAL CLAIMS**

8.

Plaintiff's job with Defendant Studio One was advertised as paying $15.00 to $18.00 per hour. When Plaintiff was hired, he was promised $15.00 per hour. However, throughout his employment with Defendant Studio One, Plaintiff was only paid $14.75 per hour. Defendant Studio One willfully failed to pay Plaintiff all wages promised and has yet to pay the difference.

9.

During his employment with Defendant Studio One, Plaintiff engaged in a consensual sexual relationship with his manager at Defendant Studio One, Defendant Marks. After Plaintiff ended the relationship, Defendant Marks became unreceptive to Plaintiff's requests with regard directing Plaintiff's work, providing shift support, providing scheduling support and flexibility, providing relief for rest breaks and meal periods, providing complementary meals, and adjusting the timing of meal periods, relative to how such working conditions been addressed during their intimate relationship.

10.

During his employment with Defendant Studio One, Plaintiff became aware that managers



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

were taking a portion of the tips he and other line-level employees had earned. Plaintiff reported to Defendant Studio One that managers taking a share violated the law and opposed this practice. Plaintiff also asked several management-level employees for an accounting of the tip distributions applicable to himself and other employees, requesting the same from managers, including but not limited to, Defendant Marks, Defendant Lensch, Rudyard Coltman, Sharon Andersen and Shelly Stevens. Plaintiff never received the requested accounting.

11.

On or about February 8, 2023, Plaintiff reported to Defendant Lensch that Plaintiff in good faith believed requiring a coworker to contribute to a tip pool without that same coworker's consent violated the law. In response, Defendant Lensch fired Plaintiff on the spot, using words to the effect of "get the hell out," and "all you do is complain." FALSE

12.

Plaintiff opposed Defendant Studio One's illegal wage-and-hour policies, by complaining about the tip pool to Defendants Lensch and Studio One, by raising its illegality, and by requesting an accounting of the tip distributions. Plaintiff was terminated in retaliation for this protected reporting of, and opposition to what he understood to be unlawful employment practices.

13.

Defendants' actions directly and proximately caused Plaintiff to suffer emotional distress and Plaintiff requests an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial, not to exceed $175,000.

14.

Defendants' actions directly and proximately caused Plaintiff to suffer loss of earnings and other employment benefits and Plaintiff requests an award of economic compensatory damages including back pay, front pay, lost benefits and penalty wages in an amount to be determined by a jury at the time of trial, not to exceed $75,000.



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

15.

Plaintiff seeks equitable relief including declaratory relief and any other relief the Court deems appropriate.

16.

Plaintiff also seeks reasonable attorney fees and costs in an amount to be proven at trial pursuant to ORS 652.200(2), ORS 659A.885(1) and/or ORS 20.107.

17.

Plaintiff places Defendants on notice of his intent to move the Court to amend this Complaint to seek punitive damages and to seek discovery of all relevant financial documents.

**CLASS ACTION ALLEGATIONS**

18.

Defendant Studio One engaged in acts and practices that violated Plaintiff's and other class members' rights under Oregon law. This action is brought on behalf of a class consisting of all current and former employees of Defendant Studio One who received a paycheck for a pay period in which they were required to participate in a tip pool that included managers, supervisors, or other statutory employers on or after June 27, 2017 for work performed in Oregon.

**Numerosity**

19.

The class is so numerous that joinder of all members is impracticable, consisting of approximately 50 persons (given known staffing levels, and observed and estimated turnover).

**Commonality**

20.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

a. Whether Defendant Studio One's policies and procedures regarding tip pools violate



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Oregon and/or federal law;

b. Whether Defendant Studio One's payment of managers from the tip pool constitutes a common-law violation of Oregon law as conversion, breach of duty of good faith and fair dealing, unjust enrichment, and money had and received;

c. Whether such violations were willful; and

d. What remedies are available for the above-listed violations.

**Typicality**

21.

Plaintiff's claims are typical of those of the other class members because:

a. Plaintiff is a member of the class;

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for the class claims;

c. All of the class members' claims are based on the same facts and legal theories; and

d. There is no antagonism between the interests of Plaintiff and the class members, because their claims are for damages provided to each class member separately by statute or the common law.

**Adequacy of Representation by Plaintiff**

22.

Plaintiff will fairly and adequately protect the interests of the class because:

a. There is no conflict between Plaintiff's claims and those of the other class members;

b. Plaintiff has retained counsel experienced in handling cases involving wage and hour law, who will vigorously prosecute this litigation. Plaintiff's counsel has already committed substantial time and resources toward this case and remains willing and able to devote whatever additional future time and resources are necessary to pursue this litigation to completion; and



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

c. Plaintiff's claims are typical of the claims of the class members in that his claims stem from the same practice and course of conduct that forms the basis of the class claims.

**Compliance with ORCP 32 H**

23.

Plaintiff has complied with the requirements of ORCP 32 H because his counsel mailed a prelitigation notice and demand to Defendant Studio One for each class and/or collective claim for relief and cause of action at least 30 days before the commencement of this action.

**Superiority of Class Action**

24.

Class resolution of this case is superior to other available methods for its fair and efficient adjudication, for at least the following reasons:

a. The prosecution of separate actions by the class members could both result in inconsistent adjudications establishing incompatible pay practices and, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications or impede their ability to protect their interests;

b. The common questions of law and fact described above predominate over questions affecting only individual members, and the questions affecting individuals primarily involve only calculations of individual damages;

c. Individual class members would have little interest in controlling the litigation due to the relatively small size of most claims, the relatively unsettled nature of this area of the law, the complexity of the claims, the expense of the litigation, and because the named Plaintiff and his counsel have already invested significant resources in the case and will continue to vigorously pursue the claims on behalf of the class members;

d. To Plaintiff and his counsel's knowledge, no other similar litigation has been commenced, but if commenced, it could be coordinated under ORCP 32 K; and



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

e. This is a desirable forum because Defendant Studio One does business in Oregon and this County and most class members likely reside here.

**COLLECTIVE ALLEGATIONS**

25.

Defendant Studio One engaged in acts and practices that violated the collective members' rights under the federal Fair Labor Standards Act. In addition to bringing this action individually on behalf of himself, therefore, Plaintiff also brings this action on behalf of all current and former employees who are similarly situated.

**FIRST CLAIM FOR RELIEF**

**Collective Claim / FLSA Tip Theft / Defendant Studio One**

26.

All previous paragraphs are incorporated by reference herein.

27.

Pursuant to 29 USC § 203(m)(2)(B) and 29 C.F.R. § 531 (D)Defendant Studio One was required to pay Plaintiff and the collective members all of their tips; or if a tip pool was mandatory, was required to ensure that no managers, supervisors, or other statutory employers take part in such tip pool. It did not do so.

28.

Plaintiff and the collective members are entitled to collect the difference between the tips received and the tips due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees and costs of the action pursuant to 29 USC § 216(b).

**SECOND CLAIM FOR RELIEF**

**Class Claim / Conversion / Defendant Studio One**

29.

All previous paragraphs are incorporated by reference herein.



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

30.

By misappropriating the tip pool funds entrusted to it, Defendant Studio One exercised unlawful dominion and control over the property, which completely interfered with the employees' right to control it, so that Defendant Studio One may justly be required to repay the full value of the property. This breach of bailment contract and of trust and of fiduciary responsibilities qualifies as, and is enforceable as, conversion.

31.

Plaintiff and the class members are entitled to recover the value of the property tortiously converted, in addition to pre- and post-judgment interest and (on motion) punitive damages.

**THIRD CLAIM FOR RELIEF**

**Class Claim / Tortious Breach of Duty of Good Faith and Fair Dealing /**

**Defendant Studio One**

32.

All previous paragraphs are incorporated by reference herein.

33.

Because Defendant Studio One collected all tips and gratuities from the customers for the purpose of redistributing them to the employees, it had a special bailor/fiduciary/trustee relationship with the intended recipients, involving a heightened duty of care beyond and independent from that of a simple employment contract. Thus, Defendant Studio One's intentional action to deprive Plaintiff and the class members of their expected contractual benefits was a tortious breach of the duty of good faith and fair dealing, and of Defendant Studio One's fiduciary obligations, which proximately caused Plaintiff and the class members economic and noneconomic damage.

34.

Plaintiff and the class members are therefore entitled to economic and noneconomic



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

damages, as well as pre-judgment interest and (upon motion) punitive damages.

**SECOND CLAIM FOR RELIEF**

**Class Claim / Accounting / Defendant Studio One**

35.

All previous paragraphs are incorporated by reference herein.

36.

By collecting all tips and gratuities of all employees for the purpose of redistributing them, Defendant Studio One became the bailor, fiduciary and trustee of those funds, holding them in trust for the proper recipients. As such, Defendant Studio One owes Plaintiff and the class members a duty to render an account showing in detail the items taken in and expended, when, to whom, and for what purpose, and that the account rendered and expenditures claimed were correct, just and necessary.

37.

Plaintiff and the class members are therefore entitled to a full accounting of the tips and gratuities received and/or paid out by Defendant Studio One, and to an equitable award of any amounts to which such accounting demonstrates that they are entitled.

**THIRD CLAIM FOR RELIEF**

**Class Claim / Unjust Enrichment / Defendant Studio One**

38.

All previous paragraphs are incorporated by reference herein.

39.

Defendant Studio One has failed to pay to Plaintiff and the class members tip pool money to which they are rightfully entitled, and Defendant Studio One has been directly and indirectly unjustly enriched and benefitted thereby, and equity and good conscience demand that Plaintiff and the class members' money be returned.



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

40.

Plaintiff and the class members are entitled to recover in restitution the money unlawfully taken from them, in an amount to be proven at trial, in addition to pre- and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**

**Class Claim / Money Had and Received / Defendant Studio One**

41.

All previous paragraphs are incorporated by reference herein.

42.

Defendant Studio One has failed to pay to Plaintiff and the class members tip pool money to which *ex aequo et bono* they are rightfully entitled, and equity and good conscience demand that Plaintiff and the class members' money be returned to them by Defendant Studio One.

43.

Plaintiff and the class members are entitled to the money unlawfully withheld from them, in an amount to be proven at trial, in addition to pre- and post-judgment interest and (on motion) punitive damages.

**FIFTH CLAIM FOR RELIEF**

**Individual Claim / Wrongful Discharge / Defendants Studio One & Lensch**

44.

All previous paragraphs are incorporated by reference herein.

45.

At all material times, the public policy of Oregon prohibited an employer from retaliating against an employee for reporting in good-faith that an employer's wage and hour policies are illegal; or discussing, complaining about and opposing those policies.

46.

This public policy is embodied in the common law, statutes, and regulations of the State of



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Oregon and the United States including, but not limited to, ORS 652.355 and ORS 659A.199.

47.

Defendant Studio One, acting through its agents and/or employees, violated the above public policies by retaliating against Plaintiff because of his reporting in good faith that one or more wage-and-hour policies are illegal; and/or discussing, complaining about and opposing one or more such policies.

48.

Defendant Studio One's discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to his employment rights, which are of important public interest.

49.

Plaintiff requests an award of damages, equitable relief, costs, and attorney fees as alleged in Paragraphs 13 through 17 inclusive, *supra*.

**EIGHTH CLAIM FOR RELIEF**

**Individual Claim / Abetting or Inciting / Individual Defendants**

50.

All previous paragraphs are incorporated by reference herein.

51.

As set forth in detail above, Defendants Marks and Lensch aided, abetted and/or incited unlawful retaliation against Plaintiff.

52.

Specifically, Defendants Marks and Lensch incited and/or carried out Defendants' unlawful conduct and adverse employment actions against Plaintiff. Defendants Marks and Lensch did so knowing that their conduct was unlawful.



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

alleged in paragraphs 13 through 17, inclusive, *supra.*

**TENTH CLAIM FOR RELIEF**

**Individual Claim / Retaliation ORS 659A.199 / All Defendants**

61.

All previous paragraphs are incorporated by reference herein.

62.

In perpetrating the actions described in the above paragraphs, Defendants subjected Plaintiff to retaliation for opposing and reporting in good faith information Plaintiff believed to be evidence of violations of state and federal laws, rules, and regulations.

63.

Defendants retaliated against Plaintiff by creating a hostile work environment and by terminating Plaintiff in violation of ORS 659A.199, causing Plaintiff to suffer damages.

64.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in Paragraphs 13 through 17, inclusive, supra.

**SEVENTH CLAIM FOR RELIEF**

**Individual Claim / Sex Discrimination – *Quid pro Quo* /**

**Defendants Studio One and Marks**

65.

All previous paragraphs are incorporated by reference herein.

66.

Defendants Marks and Studio One subjected Plaintiff to a hostile work environment and *quid pro quo* sexual harassment in violation of ORS 659A.030(1)(a) by subjecting Plaintiff to diminished working conditions and a hostile work environment when he cut off his intimate relationship with Defendant Marks as described above.



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

67.

Defendants Studio One and Marks' discrimination and retaliation against Plaintiff caused Plaintiff to suffer damages, as described above.

68.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in Paragraphs 13 through 17, inclusive, *supra*.

**TWELFTH CLAIM FOR RELIEF**

**Individual Claim / Unpaid Wages / Defendant Studio One**

69.

All previous paragraphs are incorporated by reference herein.

70.

Pursuant to ORS 652.120, Defendant Studio One was required to pay Plaintiff all wages due, when those wages were due, but willfully failed to do so.

71.

Plaintiff is entitled to collect the wages due in an amount to be proven at trial, together with attorney fees, costs, and disbursements per ORS 652.200, as well as pre- and post-judgment interest.

**THIRTEENTH CLAIM FOR RELIEF**

**Individual Claim / Unpaid Wages Due Upon Termination / Defendant Studio One**

72.

All previous paragraphs are incorporated by reference herein.

73.

Pursuant to ORS 652.140, Defendant Studio One was required to pay Plaintiff all wages earned and unpaid by the statutory deadline upon termination of his employment but willfully failed to do so.



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

74.

Plaintiff is entitled to collect all wages remaining due, in an amount to be proven at trial together with attorney fees, costs, and disbursements per ORS 652.140, as well as pre- and post-judgment interest, and the 30 days of statutory penalty wages provided by ORS 652.150.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims for which it is available.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests that the Court award him and the other class/collective members such actual, statutory, penalty, punitive (on motion), liquidated, and other damages as set forth above in amounts to be proven at trial; award the attorney fees, costs, and expenses of suit; award pre-judgment and post-judgment interest as provided by law; order an accounting; declare Defendant Studio One's violations as enumerated above; and order such further or alternative relief as the Court deems appropriate.

DATED this 27th day of June 2023.

LEWALLEN LAW, LLC

*/s/Shanti Lewallen*
Shanti Lewallen, OSB No. 143740
shantilewallen@gmail.com

***Of Attorneys for Plaintiff***

I hereby consent in writing to join this case.

DATED this 27th day of June 2023.

[signature]
Alexander Atkins



Lewallen Law, LLC
735 SW First Street, Suite 300
Portland, OR 97204
Tel.: 503-997-5447

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| ALEXANDER ATKINS, an individual<br><br>Plaintiff,<br><br>v.<br><br>VCE THEATERS, LLC d/b/a Studio One Theaters, an Oregon limited liability company; KYLE MARKS, an individual; and JASON LENSCH, an individual,<br><br>Defendants. | Case No. 23CV25817<br><br>**SUMMONS** |

TO: VCE Theaters, LLC d/b/a Studio One
c/o its attorney, Mark Crabtree, Jackson Lewis PC
200 SW Market St. Suite 540
Portland, OR 97201
Mark.Crabtree@jacksonlewis.com

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within forty-five (30) days from the date of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within forty-five (45) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer referral service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

By: /s/Shanti S. Lewallen
LEWALLEN LAW, LLC
Shanti Lewallen, OSB No. 143740
735 SW First St., Suite 300
Portland, OR 97204
***Of Attorneys for Plaintiff***

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein and a true copy of Plaintiff's First Request for Production, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate similar document which you shall attach hereto.

By: /s/Shanti S. Lewallen
LEWALLEN LAW, LLC
Shanti Lewallen, OSB No. 143740
735 SW First St., Suite 300
Portland, OR 97204
***Of Attorneys for Plaintiff***



Lewallen Law, LLC
735 SW First Ave, Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438