SHANTI LEWALLEN, OSB No. 143740
shantilewallen@gmail.com
LEE C. DUDLEY, OSB No. 206821
lcdlex@gmail.com
Lewallen Law, LLC
735 SW First Avenue, Suite 300
Portland, OR 97204
Telephone: (503) 997-5447

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALEXANDER ATKINS and MAXIM HORNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VCE THEATERS, LLC, dba Studio One Theaters, an Oregon Limited Liability Company; and JASON LENSCH, an individual,<br><br>Defendants. | Case No. 3:23-cv-01332<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT** |

## I. MOTION

Counsel for the parties have conferred regarding the subject of this motion and have agreed to jointly submit this motion. Defendants are referred to collectively herein as “Studio One.” The parties to this action jointly move for an Order:



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

1. Certifying for settlement purposes the Rule 23(b)(3) Class of

> all current and former employees of Studio One, who received a paycheck for a pay period in which they participated in a tip pool that included managers, supervisors, or other statutory employers at any time from when Studio One opened in late 2018 until the date of the entry of an order preliminarily certifying the Class, other than those who, according to records from Studio One's Ready Theater Systems (RTS) system, only ever worked in the position referred to variously by Studio One and its agents as "hourly manager," or "lead," who do not file a timely request to opt-out of the Class

(hereinafter "the Class") including approving named plaintiffs Alexander Atkins and Maxim Horner as class representatives;

3. Approving Lewallen Law, LLC as Class/Collective counsel;

4. Preliminarily approving the Proposed Settlement Agreement (*see* Lewallen Dec., ¶ 2, Ex. 1 (hereinafter "Proposed Settlement") as fair, reasonable, and adequate;

5. Approving the Class notices as the form of notice to be mailed (*id.*, Proposed Settlement, Exs. C & D), emailed (*id.* Ex. C (as an attachment to an email)), and/or texted (*id.* Ex. D) to each Class/Collective member;

6. Authorizing a 60-day period for putative class/collective members to opt out or object; and

8. Setting a date for a fairness hearing for the Court to hear any objections to the Proposed Settlement, the proposed attorney fee and expenses award, or the proposed service payments to the class representatives. The parties recommend that the Court reserve the right to cancel or reschedule the fairness hearing without further notice to the class, and that the parties notify the class members of that reservation in the notice. In that event, if there are no objections by class members, the Court can cancel the fairness hearing and resolve the motion for final approval on the papers if it so chooses.

This motion is supported by the Declaration of Shanti Lewallen submitted herewith.



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

## II. MEMORANDUM

### A. The Proposed Settlement

The parties jointly move to certify the settlement Class under Rule 23. The parties have agreed to a gross settlement figure of $280,000. The settlement provides for a gross allocation of $112,000 to the Class and Collective claims, and $168,000 to Alexander Atkins' individual claims. Lewallen Dec., ¶ 2, Ex. 1 (Proposed Settlement, p. 7).

The Class and Collective claims' damages amounts take into account the anticipated expense of auditing several years of complex accounting which would have required extensive forensic accounting to fix any pro-rata recovery. The forensic accountant retained by Plaintiffs' counsel estimated that their services through trial would add up to as much as $63,000; meanwhile, the accountant approximated Class/Collective damages, based on records available from Studio One's payroll provider, at around $133,700.[1] Lewallen Dec., ¶ 5. By settling the class and collective claims now, the class and collective benefit from being paid sooner; from a larger net recovery based on cost savings from avoiding paying for a to-the-penny forensic analysis; and from the protection of a binding settlement, in light of collectability concerns raised by Studio One, neutralizing the risks inherent in litigating the claims through trial. *Id.*, at ¶ 6.

Mr. Atkins' individual claims include wage theft claims seeking compensation for underpayment of wages and statutory penalties, which Plaintiffs represent are separate from and in addition to the violations alleged for the Class and Collective members; along with retaliation claims seeking wage loss and non-economic harms. Complaint, ¶¶

---

[1] This is a rough estimate, based on incomplete data. A to-the-penny analysis would require a much more extensive (and costly) assessment, and additional documents from Studio One.



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

3, 8-17. By entering into the settlement, Mr. Atkins will also agree to withdraw Unfair Labor Practices charges he brought before the National Labor Relations Board, as well as entering into a universal mutual release of all claims of any kind, not just the claims asserted in the lawsuit. Lewallen Dec., ¶ 2, Ex. 1 (Proposed Settlement, p. 11) and ¶ 7. Class Counsel therefore estimates the potential recovery for Mr. Atkins to be exponentially greater than the recovery available to the class and collective, were the case to proceed to trial. *Id.*, ¶¶ 7-9.

The settlement also provides for the Class Representatives to petition the Court for service payments of up to $2,500 each, with Studio One agreeing not to oppose requests up to that amount. *Id.*, ¶ 2, Ex. 1 (Proposed Settlement, p. 7).

The Proposed Settlement provides that Studio One will not oppose Plaintiffs' counsel petitioning the Court for attorneys' fees of up to $104,533.33 (40% of the Alexander Atkins allocation, plus one third of the class/collective allocation) and costs and disbursements of $49,077.23. *Id.* at ¶ 2, Ex. 1 (Proposed Settlement, at p. 7); *see also, id.* at ¶ 3-4, Ex. 2, p. 2 (Contingent Fee Agreement providing for 40% of recovery in attorney's fees). Studio One has agreed to assume responsibility for settlement administration expenses. *Id.*, ¶ 2, Ex. 1 (Proposed Settlement, at p. 7).

The gross recovery to the Class/Collective is $112,000. *Id.*, at p. 7. Class Counsel will be asking for a common-fund attorney fee award of one third ($37,333.33), the class/collective's proportionate share of costs and expenses of $15,430.89 (total in costs and expenses for the case were $56,077.23, and the class/collective recovery was 40% of the total settlement recovery, for a subtotal of $22,430.89, minus a $7,000 deposit refunded from the forensic analyst, such that net litigation costs to the Class are $15,430.89), and up to a $2,500 service award to each of the two class representatives.



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

*Id.* at p. 7. If all of those awards are approved, the net $54,235.77 class/collective recovery will be allocated among Class Members by dividing it by a number of shares equal to the total number of class members, plus the total number of FLSA collective members. *Id.* at p. 29 (Ex. B to Proposed Settlement). Each Class member will receive one share. Each Collective member who has opted into the FLSA action will receive one additional share, effectively doubling their recovery. *Id.* If the Court approves the requested fees, costs, and service awards, this will amount to somewhere in the neighborhood of $100 to $125 per share (exact amounts pending finalization of the class list upon preliminary certification). Any residual funds will be distributed to the Northwest Workers' Justice Project, a local 501(c)(3) nonprofit dedicated to education and enforcement of employee rights. No portion of the residual funds shall revert to Defendants. *Id.* at p. 10.

Under the settlement, for his individual claims, Plaintiff Alexander Atkins will receive a net recovery for his individual claims of $67,153.66, with $5,000 designated as back wages and $62,153.66 as noneconomic damages. *Id.* at p. 7.

**B. Rule 23 Class Certification.**

Rule 23(a) provides for certification of a class action where: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation, respectively. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir.1998).



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

In the District of Oregon, as in many other districts, there is a "rough rule of thumb" that 40 class members is sufficient to meet the numerosity requirement. *Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013); *see also Wilcox Dev. Co. v. First Interstate Bank of Or.*, N.A., 97 F.R.D. 440, 443 (D. Or. 1983) (same); 1 McLaughlin on Class Actions § 4:5 (15th ed.) ("The rule of thumb adopted by most courts is that proposed classes in excess of 40 generally satisfy the numerosity requirement."). This class is adequately numerous: based on records produced in the summer of 2025, approximately 435 employees have been identified who, like the named Plaintiffs, had applicable violations within the statute of limitations period. Employees hired by Studio One after that time will only increase this number.

Rule 23(a) also requires that "questions of law or fact [be] common to the class." Rule 23(a)(2). Because "[t]he Ninth Circuit construes commonality liberally," it does not require "that *all* questions of law and fact be common." *West v. Circle K Stores, Inc.*, CIV-S-04-0438-WBS-GGH, 2006 WL 1652598, *3 (E.D. Cal. June 13, 2006). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). This case includes common issues such as:

1. The nature and legal significance of Studio One's payroll, timekeeping, human resources, and other policies and procedures;
2. Whether and to what extent the Class and Collective members experienced violations of the respectively applicable statutes and common-law claims with relation to those policies and procedures; and
3. Whether any alleged violations were willful, and what remedies are available for



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

the alleged violations.

Rule 23(a) further requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality requires that named plaintiffs have claims "reasonably coextensive with those of absent class members," but their claims do not have to be "substantially identical." *Hanlon*, 150 F.3d at 1020. The test for typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (internal citation omitted). Here, the two named Plaintiffs allege exactly the same type of violations against themselves as the other Class/Collective members, all of whom were subject to the same employment policies relevant for every Class/Collective member.

Finally, Rule 23(a) requires "representative parties [who] will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To resolve the question of legal adequacy, the court must answer two questions: (1) do the class representatives and their counsel have any conflicts of interest with other class members, and (2) have the class representatives and their counsel vigorously prosecuted the action on behalf of the class? *Hanlon,* 150 F.3d at 1020. This adequacy inquiry considers a number of factors, including "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Brown v. Ticor Title Ins.,* 982 F.2d 386, 390 (9th Cir.1992). Here, Plaintiffs have presented evidence that there are no conflicts between the class representatives or their counsel and the Class; the class representatives (first one, then both Class Representatives) have faithfully represented the Class



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

members for more than two years; and their counsel is experienced in both wage-and-hour law and class actions.[2] Lewallen Dec., ¶¶ 11-20.

Ascertainability, although "not expressly required" by Rule 23, is a threshold requirement for class certification. *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1064 (D. Or. 2014). A proposed class must be "precise, objective, or presently ascertainable." *Williams v. Oberon Media, Inc.*, 468 F. App'x 768, 770 (9th Cir. 2012). Class members must be identifiable through "a manageable process that does not require much, if any, individual factual inquiry." *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 237 (N.D. Cal. 2014). Here, the Class and Collective members are identified from Studio One's payroll records and Ready Theater Systems (RTS) data, and thus this requirement is met. The known class and collective members are listed in Exhibit A to the Proposed Settlement. Lewallen Dec., ¶ 2, Ex. 1, at pp. 18-28.

Because Rule 23(a)(3) already considers commonality, the focus of the Rule 23(b)(3) predominance inquiry is on the balance between individual and common issues. *Hanlon*, 150 F.3d at 1022; *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231 (1997) ("The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation"). Here, a common nucleus of facts and potential legal remedies clearly dominates this litigation. To the extent that any further individual issues may exist, they primarily involve damages. There is no indication that such issues would be anything more than "variants of a generally homogenous collection of causes" that derive from Plaintiffs' allegations. *Hanlon*, 150 F.3d at 1022. Such idiosyncratic differences, therefore, "are not sufficiently

[2] Defendants do not object to the assertions in this sentence for the purposes of this joint motion, however reserve the right to object if settlement is not approved.



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

substantive to predominate over the shared claims." *Id.* at 1022–23.

In addition to the predominance requirement, Rule 23(b)(3) provides a non-exhaustive list of matters pertinent to the court's determination that the class action device is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3)(A)-(D). These matters include:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the difficulties likely to be encountered in the management of a class action.

*Id.* Some of these factors, namely (D) and perhaps (C), are irrelevant if the parties have agreed to a pre-certification settlement. *Amchem*, 521 U.S. at 620, 117 S. Ct. 2231. The parties are unaware of any concurrent litigation regarding the issues of the instant case. In the absence of competing lawsuits, it is also unlikely that other individuals have an interest in controlling the prosecution of this action or other actions. Lewallen Dec., ¶ 21. If they do, they are free to opt out of this settlement.

**C. FLSA Collective**

On November 14, 2024, the Court issued an Opinion and Order (ECF 31) granting Plaintiff's Motion to Conditionally Certify a FLSA Collective Action (ECF 13). During the notice period, 53 Collective members opted in, 51 of whom remain a part of this lawsuit. The parties jointly move to approve the settlement pertaining to the FLSA Collective.

**D. Settlement Approval**

Rule 23(e) provides, in part, that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." In evaluating a class action settlement under Rule 23(e), the Court must



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

determine whether the settlement is fundamentally fair, reasonable, and adequate. *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *Id.*; see also 2 McLaughlin on Class Actions § 6:4 (12th ed. 2015) ("In the context of reviewing a proposed class action settlement, the district court has a special duty to act as guardian for the interests of absent class members because they are not present but will be bound by the disposition of the case."). Thus, to approve a class action settlement, a court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012).

The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "But where, as here, class counsel negotiates a settlement agreement before the class is even certified, courts 'must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations.'" *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)). "In such a case, settlement approval 'requires a higher standard of fairness' and 'a more probing inquiry than may normally be required under Rule 23(e).'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). The Ninth Circuit has recognized, however, that "[j]udicial review also takes place in the shadow of the reality that rejection of a settlement creates not only delay but also a state of uncertainty on all sides, with whatever gains were potentially achieved for the putative class put at risk." *Staton v.*



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

*Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (*en banc*). Though this settlement was reached before entry of the order certifying the class, the motion was briefed adversarially, allowing the parties to fully evaluate the respective merits of their positions, which were duly considered in negotiating the settlement. Lewallen Dec., ¶ 22.

The parties have completed pre-certification discovery, conducting several depositions and cooperating in broad document discovery, enabling the proposed voluntary resolution as an alternative to engaging in further motion practice, post-certification discovery, and trial preparation. The records produced during the litigation have allowed the parties to estimate potential exposure and damages sufficiently to evaluate settlement, without the massive additional expense of expert trial calculations among other litigation costs otherwise being deducted from the Class/Collective's potential recovery.

**1. Acceptability Factors**

In evaluating the acceptability of a class settlement, courts evaluate all relevant factors, according to the needs of the particular case. These include, but are explicitly not limited to, (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir.2011), citing *Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir.2004) and *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir.1993).



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

(1) The strength of Plaintiffs' case. The strength of Plaintiffs' class and collective claims is vigorously disputed, with both sides having submitted pleadings and other filings litigating all theories of class-wide recovery. Plaintiffs are confident in their ability to establish liability on the class and collective claims at trial; while Defendants maintain that the class and collective claims should be dismissed. If the Court does not approve the settlement, the parties will resume briefing on Plaintiffs' pending motion for class certification and Defendants' motion to dismiss Mr. Atkins' wrongful termination claim.

(2) The risk, expense, complexity, and duration of further litigation. The parties agree that litigating this further will involve significant risk attendant to the expense and delay of months or years of additional motions practice and trial. As noted above, Plaintiffs' forensic accountant anticipates billing up to $63,000 to complete an audit of relevant records and testify at trial. Lewallen Dec., ¶ 5. This does not account for the cost of pretrial expert reports or other costs associated with dispositive motions, post-certification discovery and trial.

(3) The risk of maintaining class action status throughout the trial. As with any class action, Class Counsel must consider that there is always a non-zero risk of decertification prior to trial, if the settlement is not approved. Studio One maintains that there is a real risk of decertification.

(4) The amount offered in settlement. The amount offered in the Proposed Settlement provides a fair and reasonable outcome given the risks, uncertainties and delay inherent in proceeding to trial.

(5) The extent of discovery completed and the stage of the proceedings. Pre-certification discovery is complete and includes extensive class-wide discovery of



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

relevant records.

(6) The experience and views of counsel. Class counsel is experienced in wage and hour law, as well as class and collective action litigation. Lewallen Dec., ¶¶ 14-20. Having evaluated the damages available at trial, the risks and expense of extended litigation, and issues of collectability and insurance coverage, class counsel recommends the settlement to the Class.

(7) The presence of a governmental participant. There is no governmental participant in the Class or Collective claims. However, the Proposed Settlement is subject to approval as to form by the National Labor Relations Board with regard to Mr. Atkins' individual claims. Lewallen Dec., ¶ 8.

(8) The reaction of the class members to the Proposed Settlement. Class Counsel will inform the Court of any objections or opt-outs received following the notice period.

**2. Anti-Collusion Analysis**

For class settlements reached before formal class certification, the Court must also review the proposed settlement for signs of collusion. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Under the standard articulated in *Briseño v. Henderson*, 998 F.3d 1014 (9th Cir. 2021), the Court must apply this heightened scrutiny to ensure that the settlement is not the product of collusion or the prioritization of class counsel's interests over those of the class. These 'red flags' include: (1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded; (2) when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

an unfair settlement on behalf of the class; and (3) when the parties create a reverter or "kicker" arrangement that returns unpaid fees to the defendant rather than the class. *In re Bluetooth*, 654 F.3d at 947; *Briseño*, 998 F.3d at 1023.

(1) Proportional distribution of the settlement. Here the ratio between the attorney's fees for the Class/Collective and the net payment is proportional by definition, with attorney's fees of 33.333% of the Class/Collective recovery. Lewallen Dec., ¶ 2, Ex. 1 (Proposed Settlement at p. 7) (*contrast with* 8:1 attorney fees to class recovery ratio deemed disproportionate in *In re Bluetooth*, (654 F.3d at 947)).

(2) Absence of a 'clear sailing' arrangement. Defendants have agreed not to oppose fee requests up to the agreed-upon amounts. Lewallen Dec., ¶ 2, Ex. 1 (Proposed Settlement at p. 7). However, any fee award must still be approved by the Court, and the fee is paid from the gross settlement fund, not separately by Studio One. *Id.* at p. 9. Further, as noted in factor (3) below, there is no "kicker" in this case. "As the Ninth Circuit has noted, the inference of collusion drawn from a clear sailing provision is reduced when the agreement lacks a reversionary or 'kicker provision.'" *In re Toys R Us-Delaware, Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 458 (C.D. Cal. 2014) (citing *In re Bluetooth*, 654 F.3d at 949).

(3) Absence of a "kicker." Again, none of the un-awarded attorney fees, service payments, or residual funds shall revert to Defendants. Lewallen Dec., ¶ 2, Ex. 1 (Proposed Settlement at p. 10). Rather, any residual funds will be distributed to the Northwest Workers' Justice Project, a local 501(c)(3) nonprofit dedicated to education and enforcement of employee rights. *Id.*

The parties' litigation history, the exchange of extensive information and documents, representation by experienced counsel, and the parties' acceptance of



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

respected mediator Dennis Clifford's final mediator's proposal (Lewallen Dec., ¶ 23), all indicate that the proposed settlement is the product of serious, informed, non-collusive negotiation. *See In re Zynga*, 2015 WL 6471171, at *9 (finding proposed settlement was not collusive where parties engaged in discovery, were represented by experienced counsel, and used neutral mediator).

The parties have evaluated and discussed several potential issues with the claims and defenses at issue in this case, how they might play out at trial, and possible methods to account for various strengths and weaknesses in the settlement value of the case. The factors considered in negotiating the settlement amount included potential legal questions regarding the asserted claims; potential difficulty in establishing willfulness; the substantial additional time and expense that would be required to litigate this case through trial; and documented potential issues with collectability and/or insurance coverage. Lewallen Dec., ¶ 24. After that analysis, the parties all believe that this is a fair and adequate settlement for the Class and Collective members.

The adequacy of the settlement amount must be considered in light of the strength of Plaintiffs' case and the risks of pursuing further litigation. *See Bell v. Consumer Cellular, Inc.*, No. 3:15-CV-941-SI, 2017 WL 2672073, at *5 (D. Or. June 21, 2017) ("It is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."). The proposed settlement does not improperly grant preferential treatment to the class representatives or to any segment of the class, and the proposed plan of allocation—distributing one share per Class member and an additional share per FLSA Collective opt-in—is fair, reasonable, and reflective of the relative strength of each member's claims. *See In re Zynga*, 2015 WL 6471171, at *10 (approving preliminary



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

settlement where plan of allocation "distributes the funds without giving undue preferential treatment to any class members").

## III. CONCLUSION

For the reasons set forth above, the parties jointly move for an Order pursuant to Fed. R. Civ. P. 23(e):

1. Certifying for settlement purposes the Rule 23(b)(3) class of

> all current and former employees of Studio One, who received a paycheck for a pay period in which they participated in a tip pool that included managers, supervisors, or other statutory employers at any time from when Studio One opened in late 2018 until the date of entry of an order preliminarily certifying the Class, other than those who, according to records from Studio One's Ready Theater Systems (RTS) system, only ever worked in the position referred to variously by Studio One and its agents as 'hourly manager,' or 'lead,' who do not file a timely request to opt-out of the Class,

   including approving named plaintiffs Alexander Atkins and Maxim Horner as the class representatives;

2. Approval of a settlement collective, composed of those who timely opted in to the Collective, pursuant to the Court's November 14, 2024 Order provisionally granting collective status;
3. Approving Lewallen Law, LLC as Class/Collective Counsel;
4. Approving the Proposed Settlement (Lewallen Decl., ¶ 2, Ex. 1) as fair, reasonable, and adequate;
5. Approving the notice (both long form and text message versions) to the Proposed Settlement (*id.*, Proposed Settlement, Exs. C & D) as the form of notice to be sent to each Class member;
6. Authorizing a 60-day period for putative Class members to opt out or object; and



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

8. Setting a date for a fairness hearing for the Court to hear any objections to the proposed settlement, the proposed attorney fee and expenses award, or the proposed service payments to the class representatives. The parties recommend that the Court reserve the right to cancel or reschedule the fairness hearing without further notice to the class, and that the parties notify the class members of that reservation in the notice. In that event, if there are no objections by class members, the Court can cancel the fairness hearing and resolve the motion for final approval on the papers if it so chooses.

Respectfully Submitted by:

LEWALLEN LAW, LLC

DATED: March 30, 2026

By *s/ Shanti S. Lewallen*
Shanti S. Lewallen, OSB No. 143740
shanti@lewallen-law.com
Attorney for Plaintiffs

JACKSON LEWIS P.C.

DATED: March 30, 2026

By *s/ Kevin M. Coles by Shanti Lewallen with email permission*
Kevin M. Coles, OSB No. 170926
Kevin.Coles@jacksonlewis.com
Attorneys for Defendants



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

## CERTIFICATE OF SERVICE

I certify that I caused to be served the foregoing *Joint Motion for Preliminary Approval of Class and Collective Settlement* by email and CM/ECF service, directing a true copy thereof to Defendants' attorneys at the address(es) shown below:

Mark Crabtree
Kevin Coles
Mark.crabtree@jacksonlewis.com
Kevin.coles@jacksonlewis.com
200 SW Market St., Ste. 540
Portland, OR 97201
Fax: 503.229.0405

***Of Attorneys for Defendants***

DATED this 30th day of March 2026.

LEWALLEN LAW, LLC

*/s/Shanti Lewallen*
Shanti Lewallen, OSB No. 143740
shantilewallen@gmail.com

***Attorney for Plaintiff***



Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438