IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALEXANDER ATKINS and MAXIM HORNER, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>VCE THEATERS, LLC, dba Studio One Theaters, an Oregon Limited Liability Company; and JASON LENSCH, an individual,<br><br>                              Defendants. | Case No. 3:23-cv-01332-SB<br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

The Joint Motion for Preliminary Approval of Class and Collective Settlement filed by the

parties came on for consideration in the above-captioned court, the Honorable Magistrate Judge

Stacie F. Beckerman presiding.

Plaintiffs allege that Defendants violated Federal wage and hour laws and Oregon

common-law claims with respect to a Class of current and former employees of VCE Theaters,

LLC, dba Studio One Theaters ("Studio One") who received a paycheck for a pay period in which

they participated in a tip pool that included managers, supervisors, or other statutory employers at

Page 1 – ORDER GRANTING JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE SETTLEMENT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

any time from when Studio One opened in late 2018 until the date of this Order, other than those who, according to records from Studio One's Ready Theater Systems (RTS) system, only ever worked in the position referred to variously by Studio One and its agents as "hourly manager," or "lead."

Plaintiffs assert Oregon common law class claims, and Fair Labor Standard Act collective claims related to alleged tip pool violations; and Plaintiff Alexander Atkins asserts individual claims including retaliation. Significant discovery and motion practice have been conducted by the parties. The parties held a day-long mediation on January 12, 2026, with respected mediator Dennis Clifford, accepted a mediator's proposal, and have continued to engage in substantial arm's-length negotiations since that time.

Having reviewed the papers and documents presented, and having considered the matter, the Court **HEREBY ORDERS** as follows:

1. The Court hereby **GRANTS** preliminary approval of the terms and conditions contained in the Settlement, attached to the Declaration of Shanti Lewallen as Exhibit 1. The Court preliminarily finds the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable as to the Class and Collective members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of

Page 2 – ORDER GRANTING JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE SETTLEMENT

intensive, serious, and non-collusive negotiations between the parties, including a day-long mediation with mediator Dennis Clifford. Accordingly, the Court preliminarily finds the Settlement was entered into in good faith.

3.  The Court hereby **GRANTS** conditional certification of the proposed Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is defined as all current and former employees of Studio One, who received a paycheck for a pay period in which they participated in a tip pool that included managers, supervisors, or other statutory employers at any time from when Studio One opened in late 2018 until the date of this Order, other than those who, according to records from Studio One's Ready Theater Systems (RTS) system, only ever worked in the position referred to variously by Studio One and its agents as "hourly manager," or "lead," who do not file a timely request to opt-out of the Class. The FLSA Collective is defined as the Class Representatives and all individuals who timely opted in as a member of the FLSA Collective, and who have not withdrawn from the Action as of the date the Settlement Agreement was executed.

4.  The Court hereby **GRANTS** approval of the terms and conditions contained in the Settlement as to the FLSA Collective. The Court finds the terms of the Settlement are fair, reasonable, and adequate, within the range of possible approval, pursuant to Fed. R. Civ. P. 23, the Fair Labor Standards Act and applicable law.

5.  The Court finds that: (1) the settlement amount is fair and reasonable to the Rule 23 Class Members and FLSA Collective Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions;

Page 3 – ORDER GRANTING JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE SETTLEMENT

(3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

6.    The Court hereby authorizes the retention of CAC Services Group, LLC as Settlement Administrator for the purpose of the Settlement. Defendants shall pay Settlement Administration Costs separately from, and in addition to, the Gross Settlement Fund.

7.    The Court hereby conditionally appoints Lewallen Law, LLC as Class Counsel, and the Court hereby conditionally appoints Plaintiffs Alexander Atkins and Maxim Horner as Class Representatives and as representatives for the FLSA Collective.

8.    The Court hereby **APPROVES** the Notices of Settlement attached to the Settlement as Exhibits C and D. The Court finds the Notices of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds the Notices of Settlement appear to fully and accurately inform the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement.

9.    The Court hereby authorizes dissemination of the Notices of Settlement to the Class Members. Subject to the terms of the Settlement, the Notices of Settlement shall be sent by first-class U.S. mail, email, and text message, using the most current mailing addresses, email addresses, and telephone numbers identified within the timeframe specified in the Settlement.

Page 4 – ORDER GRANTING JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE SETTLEMENT

The parties are authorized to make non-substantive changes to the proposed Notices of Settlement that are consistent with the terms of the Settlement and this Order.

10. The Court hereby **APPROVES** the proposed procedure for Class Members to request exclusion from the Rule 23 component of the Settlement, which is to submit a written, signed, and dated statement requesting exclusion to the Settlement Administrator during the 60-day period permitted under the Settlement.

11. The Court hereby preliminarily **APPROVES** Class Counsel's Fees Payment of $104,533.33, and Class Counsel's actual Litigation Costs and Disbursements of up to $49,077.23, which Defendants do not oppose.

12. The Court hereby preliminarily **APPROVES** Service Awards of $2,500.00 to each Class Representative, Alexander Atkins and Maxim Horner, which Defendants do not oppose.

13. The Court **ORDERS** that Plaintiffs' counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the Class Members' identities who request exclusion from the Settlement, no later than 30 days after the close of the Notice Period.

14. The Court **ORDERS** that Plaintiffs' counsel shall file a motion for approval of the fee and cost award, and of the service awards to the Class Representatives, with the appropriate declarations and supporting evidence, to be heard at the same time as the motion for final approval of the Settlement.

15. The Court further **ORDERS** that each Class Member shall be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on **August 26, 2026 at 9:00 a.m.** in this Court. Any member of the Class seeking to object to the

Page 5 – ORDER GRANTING JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE SETTLEMENT

proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiffs' counsel and Defendants' counsel. The Court reserves the right to cancel or reschedule the Final Approval Hearing without further notice to the Class.

16. Accordingly, **GOOD CAUSE APPEARING**, the Court hereby **APPROVES** the proposed Notices of Settlement and adopts the following dates and deadlines:

| Event | Date/Deadline |
|---|---|
| Date of preliminary approval of the Settlement as to the Class and approval of the Settlement as to the Collective | April 9, 2026 |
| Deadline for Studio One to deliver $280,000.00 to the QSF (Settlement, § 4.d) (14 calendar days after Preliminary Approval) | No later than 14 calendar days after Preliminary Approval. |
| Deadline for Studio One to provide CAC Services Group, LLC with the Class and Collective Data (Settlement, § 5.B) (15 calendar days after Preliminary Approval) | No later than 15 calendar days after Preliminary Approval. |
| Deadline for CAC Services Group, LLC to mail, email, and text the Notice to Class Members (Settlement, § 2) (45 calendar days after Preliminary Approval) | No later than 45 calendar days after Preliminary Approval. |
| Deadline for CAC Services Group, LLC to search for current address and remail Notice (Settlement, § 5.C) | Promptly upon receipt of a returned Notice; one skip trace per Class Member. |
| Deadline for Class Members to submit objections, disputes, and requests for exclusion (Settlement, §§ 13–14) (60 calendar days after notice) | No later than 60 calendar days after the Settlement Administrator mails the Notice. |
| Deadline for Plaintiffs' counsel to file Motion for Final Approval (Settlement, § 2) (30 calendar days after close of Notice Period) | No later than 30 calendar days after the close of the Notice Period. |
| Final Approval Hearing (Settlement, § 1.M) | August 26, 2026 at 9:00 a.m. |

Page 6 – ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT

17. The Court further **ORDERS** that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

18. If for any reason the Court does not enter a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

**IT IS SO ORDERED.**

DATED this 9th day of April, 2026.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

Respectfully Submitted by:          LEWALLEN LAW, LLC

DATED:  April 6, 2026          By: _s/ Shanti S. Lewallen_
                               Shanti S. Lewallen, OSB No. 143740
                               shanti@lewallen-law.com
                               LEWALLEN LAW, LLC
                               735 SW First Avenue, Suite 300
                               Portland, Oregon 97204
                               Tel: (503) 997-5447
                               Fax: (844) 364-5438
                               **_Attorney for Plaintiffs_**

Page 7 – ORDER GRANTING JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE SETTLEMENT